IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| LESTER "JAMES" NEAL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-06-CV-803 |
| | § | |
| CENAC TOWING, INC., CHEVRON | § | |
| PIPE LINE COMPANY, and the | § | |
| M/V ALBERT CENAC, | § | |
| | § | |
| Defendants. | § | |

## ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER

Plaintiff Lester "James" Neal brings this action against Defendants Cenac Towing, Inc. ("Cenac"), Chevron Pipe Line Company ("Chevron"), and the M/V ALBERT CENAC for personal injuries that he allegedly endured when the M/V ALBERT CENAC's launch sank. Now before the Court is Cenac's Motion to Transfer Venue to the Eastern District of Louisiana. For the reasons outlined below, the Motion is **GRANTED**. This case is **TRANSFERRED** to the Eastern District of Louisiana.[1]

**I.    Legal Standard**

The federal venue transfer statute provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district where it might have been brought." 28 U.S.C. § 1404(a). The movant bears the burden of demonstrating to the Court that it should transfer the case. *See Peteet v. Dow. Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989) (requiring movant to make a showing that the forum sought is

---

[1] The Court does not consider this Order worthy of publication. Accordingly, it has not requested and does not authorize publication.

more convenient); *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966) ("At the very least, the plaintiff's privilege of choosing venue places the burden on defendant to demonstrate why the forum should be changed."). In determining whether a venue transfer is warranted, the Court considers both "private and public factors, none of which are given dispositive weight." *In re Volkswagen of Am., Inc.*, 371 F.3d 201, 203 (5th Cir. 2004). The private concerns include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditions and inexpensive. The public concerns include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws o[r] the application of foreign law." *Id.* The plaintiff's choice of forum is generally entitled to great deference unless the plaintiff is not a resident of the forum or the operative facts underlying the action occurred elsewhere. *See Peteet*, 868 F.2d at 1436. The decision to transfer a case lies within the sound discretion of the Court, and such determinations are reviewed under an abuse of discretion standard. *See id.*

## II. Analysis

### 1. Private Factors

#### A. Ease of Access to Sources of Proof

Neither Party has given the Court any indication that the sources of proof in this case are so connected to one venue as to make trial in another substantially more or less convenient. Likewise, the Court sees nothing in the record that would militate transfer in order to have better access to evidence. As with most personal injury cases, the Court does not foresee that this case

will be abnormally document intensive.  Accordingly, this factor does not weigh for or against transfer.

### B.  Availability and Cost of Obtaining Attendance of Key Witnesses

The eye-witnesses in this case reside in various locales along the Gulf Coast, so their locations do not favor one particular forum.[2]  Furthermore, since they are allegedly employed by Cenac, Cenac can compel their presence at trial.  Thus, their convenience is not given significant weight. *See Boutte v. Cenac Towing, Inc.*, 346 F. Supp. 2d 922, 933 (S.D. Tex. 2004).

Cenac claims that at least some of Plaintiff's six original treating physicians will need to testify at trial, and that they all reside in Louisiana.  Cenac also claims that Plaintiff continues to see these physicians, though Plaintiff states that his current treating physicians reside in Texas.  Regardless, physicians often preserve their testimony by deposition, and the Court sees no reason that cannot be done in this case as well.

Plaintiff's expert economist resides in Houston.  Cenac has yet to retain its marine safety expert, but claims that if the trial is held in Galveston, it will incur additional travel expenses whether it hires a Texas or Louisiana expert.  A Texas expert will have to travel to Louisiana to inspect the vessel, and a Louisiana expert will have to travel to Texas for trial.  Thus, Louisiana is more convenient and cost-effective for Cenac's expert, while Texas is more convenient for Plaintiff's expert.  Accordingly, on balance, Texas and Lousiana are equally convenient for the Parties' experts.

Plaintiff, who resides in Louisiana, chose this forum, so it can be presumed that it is not inconvenient.  However, since Plaintiff resides in Louisiana, it is likely not inconvenient, either.  Cenac resides in Louisiana, so Louisiana is more convenient for it.  Chevron is a Delaware

---

[2] The crewmembers are from Alabama, Texas, Florida, Louisiana, and Mississippi.

corporation, and it does extensive business in both forums. Therefore, its convenience does not weigh into this analysis.

Since Texas is more convenient for some witnesses, and Louisiana is more convenient for approximately the same number of witnesses, this factor weighs neither for nor against transfer.

### C. Other Practical Problems

Neither Party has presented the Court with any other relevant private interest issues.

## 2. Public Factors

### A. Administrative Difficulties Flowing from Court Congestion

This factor does not weigh for or against transfer.

### B. Local Interest

This case involves an alleged personal injury to a Louisiana resident that occurred when Plaintiff boarded an allegedly unsafe launch in Empire, Louisiana. The citizens of this District and Division have only a passing interest in this litigation. On the other hand, the residents of Louisiana have a strong interest in maintaining safety on vessels that are owned by its corporations, manned by its citizens, and located in its waters. Furthermore, Louisiana jurors have a strong concern for fairly evaluating claims made by its residents against local corporations. Thus, this factor weighs in favor of transfer.

### C. Familiarity with Applicable Law

This case is governed by admiralty law. This Court and its sister courts in the Eastern District of Louisiana are equally well equipped to apply the applicable law. Therefore, this factor does not weigh for or against transfer.

### D. Avoidance of Conflict of Law Issues

This factor is inapplicable to this case.

### 3. Plaintiff's Choice of Forum

Since Plaintiff is not a resident of this District, and this case has almost nothing to do with this District, Plaintiff's choice of forum is entitled to little deference. *See Robertson v. M/V Cape Hunter*, 979 F. Supp. 1105, 1109 (S.D. Tex. 1997) (finding that the plaintiff's choice of forum was "entitled to little or no deference" when the plaintiff did not live in the Southern District of Texas and the case had "no significant connection to this forum"). While the Court is flattered by Plaintiff's desire to pursue its claims here, the Court finds that Plaintiff's choice does not support retention of this case when other applicable factors weigh in favor of transfer.

## III. Conclusion

For the reasons outlined above, the Court finds that, while this is a close call, Defendant's Motion to Transfer Venue should be **GRANTED**. Accordingly, this case is **TRANSFERRED** to the Eastern District of Louisiana. All Parties are to bear their own costs, expenses, and attorneys' fees incurred herein to date. All other pending Motions are left to the discretion of the transferee court.

**IT IS SO ORDERED.**

**DONE** this 10th day of July, 2007 at Galveston, Texas.

_____
Samuel B. Kent
United States District Judge